GEORGE O'BRIEN, DEFENDANT IN ERROR, v. WILLIAM WALSH AND MARY WALSH, PLAINTIFFS IN ERROR.

Argued March 8, 1899—Decided June 19, 1899.

Unless in the instructions of the court to the jury some request to charge a pertinent proposition of law is denied, or some proposition of law is misstated to the prejudice of the party excepting, this court cannot take cognizance of the errors assigned to the charge.

In tort.   On error to Hudson Circuit.

Action by George O'Brien against William Walsh and Mary Walsh to recover damages for assault and battery. Plaintiff had judgment and defendant brings error.

For the plaintiff, *Corbin & Corbin.*

For the defendants, *J. Emil Walschied and James B. Vredenburgh.*

The opinion of the court was delivered by

VREDENBURGH, J.   In the argument as well as in the brief of counsel, the fault found by the plaintiffs in error with the judgment rendered against them in the Circuit Court, relates entirely to the charge of that court to the jury so far as it affected the defendant Mary Walsh.   But an examination of the record fails to show that any request made of the court to charge any proposition of law was denied her, and no error of law appears to have been committed in the charge.   The comments of the judge upon the evidence seem to have been warranted, but whether so or not, as the disputed facts were left by the court to the jury to find, such comments, under repeated and long-settled rules of legal procedure in this state, were not assignable for error.

The duty of review by this court might strictly end here, but as the question of the wife's joint responsibility for the tort committed seems to have been intended to be raised by

the exceptions taken to the charge, and as the whole evidence is before us, it may not be inappropriate to consider it briefly. The insistment of the plaintiffs in error is that there was no evidence that Mary Walsh was acting in concert with her husband. But the obvious answer is that this was a matter solely for the consideration of the jury. There was certainly the testimony of two witnesses to the effect that she struck the first blow and committed the first of several subsequent assaults made by her husband and son on the same occasion, culminating in serious injuries to the plaintiff, and for the damages consequent upon them he instituted this suit. The assault she is testified to have then committed does not appear to have been made in the immediate presence nor by the command of the husband, but was, within a few moments, followed by blows given by him when he arrived upon the scene of action. Whether or not there was concert of action between them was not a question of law, but was one of fact, to be settled by the jury. It seems to be settled that if by word or conduct she encouraged or directed such subsequent assaults she was liable equally with her husband for the consequences. *Bruch* v. *Carter,* 3 *Vroom* 554.

But the matter of legal consequence to the wife was whether she was exempt from liability if the jury should find from the evidence that she committed the assault in the presence and by the command of the husband. To exempt her from liability for her tortious acts, the presence and command of the husband must concur. Such was the rule adopted by our Supreme Court more than twenty years ago in the case of *Hildreth* v. *Camp,* reported in 12 *Vroom* 306, supported by authorities there referred to. No reason is apparent, nor has any been urged by the plaintiff in error, why this just and firmly-settled rule should be disturbed. It may be well to remark that a careful examination of the evidence in the case does not seem to justify the conclusion that the jury would have been warranted in finding that the assault of the wife upon the plaintiff was done in the presence and by the command of the husband. She seems to have assumed the initia-

tive in the encounter and to have acted entirely upon her own volition.

As to the error assigned upon the exception to the charge in relation to exemplary damages, it is sufficient to say that no error of law appears. The judge charged as follows: "You will also consider whether the plaintiff is entitled to exemplary damages, and in order to so find you must be satisfied that the assault was committed without provocation and with the malicious intent to do him bodily harm." This statement of the rule, in the absence of a request for more specific instructions, is legally unobjectionable.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, LIPPINCOTT, ADAMS, BOGERT, HENDRICKSON, NIXON, VREDENBURGH. 10.

*For reversal*—None.